### STATE *vs.* ALFRED SIMMONS.

1. Two persons may be charged in the same bill of indictment with retailing contrary to the Statute, and one of them may be convicted, and the other one acquitted.

2. When one contracts to sell a gallon of spirituous liquor, and a portion, viz: less than a quart, is delivered at the time of the contract of sale, and afterwards the money is paid and three quarts delivered, and *subsequently* the remainder of the gallon, *held* that this is not a violation of the Statute, unless it was artifice to evade the law, and such intent was a question of fact which ought to have been submitted to the jury.

This was an indictment for retailing contrary to the Statute, tried before Mitchell, Judge, at Fall Term 1871, of Caldwell Superior Court.

The indictment charged a sale by both of the defendants. There was no evidence against the defendant Bradley, and a verdict was returned in his favor. The testimony against Simmons, the other defendant was, that he had a quantity of spiritous liquors in a wagon near the town of Lenoir.

A witness stated that he went to this wagon and defendant had brandy in a barrel. Witness agreed with him for a gallon, defendant then delivered to him a pint. No money was paid at that time, and the gallon was not measured and *set apart*. He further testified that on the day after he received the pint he went again to the wagon of the defendant, and paid for the gallon, the defendant at that time delivered to him three quarts, and afterwards on the same day another pint so as to make up the gallon. Defendant Simmons had been indicted at a previous term of the Court for selling the pint first spoken of, and had submitted.

Defendant's counsel insisted that as the indictment charged

a pint sale, and there was no proof against Bradley, that there was a fatal variance, and that the facts proved by the State's witness did not make out a violation of the Statute.

His Honor charged that one of the defendants might be convicted and the other acquitted, and that if the jury believed the witness, Simmons was guilty.

Verdict of guilty. Judgment and appeal.

*Attorney General* and *W. P. Caldwell* for State.
*Folk* for defendant.

BOYDEN, J. This was an indictment for selling liquor contrary to the Statute, and it was alleged that Simmons and Bradley were both guilty as the indictment charged a sale by Simmons and Bradley, but it turned out in the evidence that the sale of the spirits was by Simmons alone ; and it is contended that as Simmons alone sold the spirits, even he could not be convicted, and as two were charged with selling the spirits, and but one convicted, it constituted a fatal variance. We are not aware of any authority for such a position, and the authorities cited for the defendant do not sustain the position.

It appears from the evidence that the defendant Simmons contracted for a gallon, and at the time delivered but a pint, and received no money for this first pint delivered, defendant submitted and was fined. That on the next day he paid for the gallon, received three quarts and on the following day received the remainder of the purchase. And His Honor upon this evidence instructed the jury that if they believed the evidence defendant was guilty. In this there was error. Had His Honor directed the jury to enquire whether this was artifice to evade the Statute, and they had so found we could not disturb the verdict, however improper it might have been, upon the proof offered.

We think upon the proof it was a purchase of a gallon, and

His Honor charged the jury that unless the receiving this pint was an artifice to evade the Statute, the defendant was not guilty.

There was error. Let this be certified.

PER CURIAM.                                    *Venire de novo.*