STATE v. GEORGE W. McMINN.

*Retailing without License—Evidence—Judge's Charge.*

Upon the trial of an indictment for an unlicensed retailing of spirituous liquors, the evidence of the prosecuting witness was that defendant had a room wherein was a table with a hole in the top and a vessel on it containing such liquor; that on sundry times witness went into the room and poured out a drink of the spirits less than a quart, and hav-

ing drunk it, dropped some money, at the rate of a nickle for a drink, into the hole, the defendant being present and nothing being said by him or the witness; *Held*, that the court was not in error in refusing to charge that there was no evidence of a sale or contract for the sale of the liquor, and in charging instead that if the jury should believe from the testimony that the liquor drank by witness was the property of the defendant, and that he received the money put into the hole by the witness as payment therefor, and that this was a device to evade the statute against retailing, the defendant was guilty.

(*State* v. *Kirkham*, 1 Ired., 384; *State* v. *Bell*, 2 Jones, 337; *State* v. *Simmons*, 66 N. C., 622, cited and approved.)

INDICTMENT for selling liquor in violation of the statute, tried at Spring Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The defendant was indicted for selling spirituous liquor to one Nelson by a measure less than a quart without having a license therefor, and on the trial the evidence by Nelson was, that the defendant had a room in the town of Hendersonville, and in the room was a table with a decanter on it containing spirituous liquor and tumblers, and in the top of the table was a small hole; that during a court week, as well as at sundry other times, he went into the apartment and poured out a drink of spirituous liquor less than a quart and drank it, and then dropped some money, at the rate of a nickel for a drink, into the hole in the table; that this was done in the presence of the defendant, and nothing was said between them.

Upon the evidence the defendant asked the court to charge the jury that there was no evidence of a sale or contract for sale of spirituous liquors on his part. This was refused, but in place thereof the court charged that if the jury should believe from the testimony that the spirituous liquor drank by the witness was the property of the defendant, and that he received the money put into the hole by the witness in payment therefor, and that this was a device on the part of the defendant to evade the statute against

retailing, the defendant was guilty. On being found guilty and judgment pronounced, the defendant appealed.

*Attorney General,* for the State.
No counsel for the defendant.

DILLARD, J. There is no error in the refusal of the charge requested, nor in the charge given. A sale is the transmutation of the property in a personal chattel from one to another on a *quid pro quo,* paid or agreed to be paid, and such a change of property in the retail of spirituous liquors by the small measure is usually effected by the delivery of the article and the payment of the price simultaneously, but it may be in other modes. If the liquor come directly or indirectly from the owner to another on a valuable consideration, it is a sale; and if so, it is perfectly immaterial as to the mode or manner of it. To constitute a sale under the statute against retailing, there is no necessity for a manual separation and delivery of the parcel by the retailer to the customer, but it will be a delivery sufficient in law if the keg, decanter or other vessel be so placed or prepared as that the customer can or may with the consent of the owner draw for himself; and so likewise, the price paid in completing the sale need not be paid into the hands of the proprietor, but it will be equivalent if it be deposited for him in a place of his appointment.

Now in our case, the particular drink for the sale of which this indictment was brought, was not poured out and delivered by the defendant to Nelson, but the proof was that the defendant had a room in the town in which was a table with a decanter thereon, and tumblers, and a small hole in the top of the table, and that Nelson during the week of court went into this room, as he had done divers times before, and poured out and drank a small parcel of liquor, and then dropped into the hole money at the rate of a nickel for a

drink, the defendant being present and nothing said between him and the witness. These facts, although no conversation passed between the witness and defendant, were some evidence of the alleged illegal sale to Nelson during court week, and not only warranted the judge to refuse the instruction asked by the defendant, but to authorize him to submit the same to the consideration of the jury as reasonably sufficient to establish the guilt of the defendant, if therefrom they should find that the liquor drank by the witness was the property of the defendant, and that he received therefor the money which was dropped into the hole in the table, and that the arrangement of things was a device to evade the statute. His Honor's charge was in accordance with the precedents in the cases, *State* v. *Kirkham*, 1 Ired., 384; *State* v. *Bell*, 2 Jones, 337; *State* v. *Simmons*, 66 N. C., 622, and we must declare there is no error. Let this be certified.

PER CURIAM. No error.