STATE v. HENRY POTEET.

*Retailing—Prohibition Act.*

1. Where one received sundry drinks of spirituous liquor in payment of a certain sum, the seller to have credit for each drink, and so *toties quoties* until the debt was satisfied ; *Held* to be in violation of the statute against retailing without license.
2. The "prohibition act" of 1881, ch. 319, being submitted as a whole to the popular vote and defeated, has never been in force. Nor has section 31, chapter 116 of the act of 1881 any application to this case.

(*Sizemore* v. *Morrow*, 6 Ired., 54 ; *Festerman* v. *Parker*, 10 Ired., 474 ; *Young* v. *Jeffries*, 4 Dev. & Bat., 216 ; *State* v. *Kirkham*, 1 Ired., 384 ; *State* v. *Bell*, 2 Jones, 337 ; *State* v. *Simmons*, 66 N. C., 622, cited, distinguished and approved.)

INDICTMENT tried at Spring Term, 1882, of BURKE Superior Court, before *Eure, J.*

The defendant was charged with selling spirituous liquor by a measure less than a quart in violation of the act of 1874–'75, ch. 39.

The case was submitted to a jury, and the only evidence offered before them was the testimony of Laban Shufing, who testified that the defendant owed him one dollar and

twenty-five cents; that about a year before the trial, he went
to defendant to buy some whiskey, and defendant told him,
he could not sell less than a quart, but that he (the witness)
might go to the barrel and draw any time when he pleased,
until he was paid the one dollar and twenty-five cents; that
he took the glass and drew him a drink then, and when he
wanted a drink, for two or three weeks, he would go and
draw his drink from the barrel until he considered he was
paid the one dollar and twenty-five cents, and he received
the drinks in payment of the said amount; and he and
the defendant had no other settlement.

The court charged the jury that if the transaction between
the defendant and the witness was as detailed by the wit-
ness, and the drinks of whiskey were received in payment
of one dollar and twenty-five cents, the defendant was guilty.

To this charge the defendant excepted, and then asked
the court to charge the jury, that the act of the legislature
under which the defendant was indicted had been repealed
by section 31, chapter 116, of the acts of 1881, and by the
"prohibition act" of 1881, ch. 319.

The jury found a verdict of guilty, and the defendant
appealed from the judgment pronounced.

*Attorney General*, for the State.
*Mr. S. J. Ervin*, for defendant.

ASHE, J. The first exception taken by the defendant to
the charge of the court, was, that according to the evidence
there may or may not have been a sale, and that only leav-
ing the credibility of the witness to the jury was error. We
cannot give our assent to this position. The construction
of a written contract is purely a matter of law, in all cases
where the meaning and intention of the parties are to be
collected from the instrument itself, but if the contract be

verbal and the parties dispute about the terms, or the terms are obscure, equivocal or uncertain, it is for the jury to find not only the terms but their meaning; but where there is no dispute about the terms and they are precise and explicit, it is as much a question of law, as the construction of a written contract. *Sizemore* v. *Morrow,* 6 Ired., 54; *Festerman* v. *Parker,* 10 Ired., 474, *Young* v. *Jeffreys,* 4 Dev. & Bat., 216.

There is no dispute about the facts of this case. There was nothing to be left to the jury but the credibility of the witness. Whether there was a sale of the whiskey by the small measure was a question for the court, and we think the ruling of the court was correct.

The instruction given the jury by the court is fully sustained by the decision of this court in *State* v. *Kirkham,* 1 Ired., 384, the facts of which were, that the defendant was applied to by the prosecutor to purchase some spirituous liquor; the defendant told him he could not sell less than a quart; the prosecutor agreed to purchase a quart provided the defendant would permit him to take it in small quantities, as he might want it, until the quart was taken, to which defendant agreed. During that day the prosecutor took three half pints, and that some twelve months or more thereafter he got the other half pint and paid for the quart. It was held that this was a violation of the act of the legislature, prohibiting the sale of spirits by the small measure without a license.

Our case is distinguishable from the case of *State* v. *Bell,* 2 Jones, 337, and *State* v. *Simmons,* 66 N. C., 622. In the former, there was a sale of a quart of spirituous liquor, under an agreement that the seller was to retain it in a *separate vessel* and the buyer to have access to it when he pleased, under which agreement the buyer drank the whole at various times; and in the latter, the *contract was for a gallon of spirits*—a portion less than a quart was delivered at the time

of the sale, and afterwards three quarts were received, and the money paid, and subsequently the remainder of the gallon. In both cases, it was held that it was no violation of the statute. In the one case the liquor is set apart in a separate vessel, and in both cases there was a contract for a quantity not less than a quart.

But in our case there was no contract for any specific quantity. The buyer was to have it by the drink, and the defendant was to have a credit for each drink, and so *toties quoties* until the debt was satisfied. That is the manifest meaning of the contract, and we are unable to see the distinction between such an arrangement and the receipt of the money by the defendant for each drink.

The other exception of the defendant to the refusal of His Honor to charge the jury, that the statute under which the defendant was indicted was repealed by the act of 1881 called the "prohibition act," and by section 31, chapter 116 of the act of 1881, cannot be sustained.

We are of the opinion the act of 1881, ch. 319, is not and never has been in force, and therefore cannot have the effect contended for, of repealing any former legislation on the subject of retailing spirituous liquors. The act was submitted as a whole to the popular vote and defeated by a majority against its ratification. We are aware the opinion has been expressed by some of the legal profession in the state, that the penalties prescribed in the act alone were defeated, and all the other portions of the act went into operation on the 1st of October, 1881, and by implication repealed the former legislation on the subject of selling and manufacturing spirituous liquors, repugnant to, or inconsistent with its provisions.

But such a construction can only be given to the act by attributing to the legislature the most egregious folly of enacting a law for the promotion of what many persons regarded as a great moral reform, and at the same time

incorporating into it a provision that might prove destructive of the very securities which the state has provided by the existing law for the regulation of the traffic in spirits. We have the law forbidding the sale of spirits by the small measure, under which this indictment is preferred. He who is convicted of a violation of its provisions is liable to be punished by fine or imprisonment, or both, at the discretion of the court. The legislature passed the act of 1881 imposing much greater restrictions upon the traffic in spiritous liquors than theretofore existed, and provided very severe penalties for the violation of its provisions. Its policy and purpose were to impose and enforce additional restrictions upon the manufacture and sale of the article. If by the adverse vote on its ratification only the penalties are rejected, and the remaining provisions of the act are in force, and it has the effect of repealing the statute under which this indictment was brought, then he who chooses to do so may sell spiritous liquor *ad libitum*, and there is no law to punish him—and this by virtue of a statute professing to establish prohibition.

As to the other branch of this exception, that the act of 1881, ch. 116, § 31 repeals section 84, Bat. Rev., ch. 32, as amended by the act of 1874, ch. 39, there is nothing in it. The section 31 has reference to a definite and distinct offence, and has no application.

There is no error. Let this be certified to the court below that the case may be proceeded with according to law.

No error.                                                      Affirmed.