## Wytheville.

W. R. RICHARDSON v. THE COMMONWEALTH.

August 7, 1882.

1. CRIMINAL PROCEEDINGS—*Grand juries.*—Plea in abatement will not lie to an indictment, for that the court, if a sufficient number of the jurors summoned are not in attendance, causes the required number to be returned *from the county at large.* Nor for that two or more of the grand jury which found the indictment, had served on another grand jury at the same term. How they voted on the indictment as members of the first grand jury, could not properly be inquired into. Nor for that the sheriff or his deputy were in the grand jury's room, when they were deliberating and examining witnesses, upon whose testimony the indictment was found.

2. IDEM—*Instructions—Case at bar.*—At trial of indictment for selling liquor by retail in quantities less than one gallon, under Acts 1879–80, ch. 155, §12, p. 151, the jury asked of the court the question—"As a distiller, has the defendant a right to sell one gallon of liquor, and receive pay therefor, and deliver it in less quantities at different times?" To which the jury received for answer—"The court doth instruct the jury that to constitute a sale by the gallon, there must be a sale and delivery to the buyer of an entire gallon; that a contract for a gallon, and the delivery of the same in parcels at different times, is a violation of the law."

HELD:

> The instruction correctly expound the law. Sales of liquor in the mode suggested in the question of the jury, would be mere shifts to violate the statute.

Error to refusal of the honorable judge of the circuit court of Smyth county to grant a writ of error to a judgment of the county court of said county, on an indictment against W. R. Richardson, a distiller, for selling liquor in quantities *less than* one gallon. Defendant filed three pleas in abatement to the indictment on account of irregulari-

ties in the formation and action of the grand jury which found the indictment. He also demurred to the indictment, and plead "not guilty." At the trial the court instructed the jury as indicated in the syllabus. Verdict of guilty, and a fine fixed at $100, and judgment accordingly. The defendant obtained a writ of error and *supersedeas* from one of the judges of this court.

*Robert A. Richardson*, for the appellant.

*Attorney-General F. S. Blair*, for the Commonwealth.

ANDERSON, J., delivered the opinion of the court.

The court is of opinion that there is no error in the ruling of the court below rejecting the first plea in abatement. The statute expressly authorizes and requires the court, if a sufficient number of the jurors summoned are not in attendance to constitute a grand jury, to cause a sufficient number to be returned from the bystanders, or from the county or corporation at large. They may be summoned from a list, but the judge, if he thinks proper, is expressly authorized to dispense with the list. Code of 1873, ch. 200, § 5.

The court is further of opinion that the court did not err in rejecting the defendant's second plea in abatement. The fact that two of the jurors who were members of the grand jury which found the indictment against the defendant, had served on another special grand jury at the same term of the court, did not disqualify them to serve upon the grand jury which found the indictment. How they voted upon the indictment as members of the former grand jury, was a matter which could not be properly inquired into.

The court is further of opinion that there is no error in the ruling of the court below rejecting the defendant's

third plea in abatement. There is no case that we are aware of which has held that the indictment by a grand jury is vitiated merely because the sheriff or his deputy were in their room while they were deliberating and examining witnesses upon whose testimony the indictment was found. They are officers in attendance upon the grand jury, and in the performance of their duties it is often necessary for them to enter the grand jury room, and it may be whilst they are engaged in deliberating or hearing testimony on the case before them. There is no averment or intimation in the plea that they exerted or attempted to influence the jury in any way in the formation of their opinions.

After the jury had retired to consider of their verdict, they sent into the court the following question: "As a distiller, has the defendant a right to sell one gallon of liquor, receiving pay therefor and delivering it in less quantities at different times?" The court called the jury in and gave them the following instruction: "The court doth instruct the jury that to constitute a sale by the gallon, there must be a sale and delivery to the buyer of an entire gallon—that a contract for a gallon, and the delivery of the same in parcels at different times is a violation of the law." To the giving this instruction to the jury the defendant excepted, and his bill of exceptions was signed, sealed, and made a part of the record.

. By section 1 of act approved March 3d, 1880, that no person shall sell wine, ardent spirits, &c., within the limits of this Commonwealth, either by wholesale or retail, or to be drunk at the place where sold, or in any other way, without having first obtained license, and then only in the manner thereinafter provided in said act; and by section 12 of the same act, a licensed distiller or manufacturer of alcoholic liquors, on the payment of his specific license tax, " shall have the privilege of selling the products of his

distillations in quantities not less than one gallon, at any place within the State of Virginia." The distiller, then, has the privilege of selling in no other way—that is, in quantities not less than one gallon.

It was evidently the design and purpose of the legislature to so provide that distilleries should not be a place of resort for idlers and drunkards and tipplers to procure ardent spirits for immediate use, and which would be promotive of drunkenness, and lead to disorder and disturbances of the peace, whilst the legitimate wants of sober people should not be denied, it gave to the distiller, who had paid his license tax, the privilege of selling in quantities of not less than one gallon. But the purpose of the law would be defeated by the interpretation that the distiller might contract to sell to a party a gallon of whiskey and mete it out to him in small quantities, say, of a pint or half pint at a time, as he might call for it. We are of opinion that such sales of spirituous liquor would be mere shifts to violate the statute.

In *State* v. *Potect*, 86 N. C. 612, one received sundry drinks of spirituous liquor in payment of a debt—the seller to have credit for each drink until the debt was satisfied. Held, a violation of the statute against retailing in quantities less than a quart without license. The court observed that the instruction given the jury by the court is fully sustained by the decision in *State* v. *Kirkham*, 1 Ired. 384; the facts of which were that the defendant was applied to by the prosecutor to purchase some spirituous liquor; the defendant told him he could not sell less than a quart. The prosecutor agreed to purchase a quart, provided the defendant would permit him to take it in small quantities, as he might want it, until the quart was taken; to which defendant agreed. During that day the prosecutor took three half pints, and some twelve months or more there-

after he got the other half pint, and paid for the quart. It was held that this was a violation of the law prohibiting the sale of spirits by the small measure without a license.

The court is of opinion that there is no error in the instructions given by the court below to the jury in the case in hand.

Upon the whole the court is of opinion to affirm the judgment of the court below.

JUDGMENT AFFIRMED.