## Staunton.

### McKeever v. Commonwealth.

#### September 20, 1900.

#### Absent, Riely, J.

1. Sale of Liquors—*What Constitutes Sale by the Gallon.*—To constitute a sale by the gallon there must be a sale and delivery to the buyer of an entire gallon. Setting aside a gallon in a jug and marking it for the purchaser, who has paid for it, and subsequently delivering it in smaller quantities to the purchaser, or on his order, is an evasion of the law.

2. Sale of Liquors—*Indictment for Sale to Two Jointly—Proof of Separate Sales—Absence of Plea—Objection to Evidence.*—Where one is indicted for selling liquor without license to two persons jointly, and also for selling to the same persons jointly in quantities of less than one gallon, and the evidence shows a separate sale to each of them, this court will not disturb a verdict of conviction when no plea was interposed, and no objection made to the introduction of the evidence.

Error to a judgment of the Circuit Court of Rockbridge county, rendered March 29, 1900, affirming the judgment of the County Court of said county, rendered February 6, 1900, on a prosecution for selling liquor without license.

*Affirmed.*

The opinion states the case.

*David E. Moore,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

Keith, P., delivered the opinion of the court.

Plaintiff in error was indicted in the County Court of Rockbridge county for selling liquor without a license, was sentenced to pay a fine of $50, and that judgment having been affirmed by the Circuit Court of Rockbridge county, the case is now before us for review upon a writ of error.

There were two counts in the indictment, the first of which charges the defendant with unlawfully selling by retail to P. I. Huffman and H. T. Robinson wine, ardent spirits, malt liquors, or some mixture thereof, without having obtained license therefor as required by law; and the second count charges him with selling to the same persons in quantities of less than a gallon without first obtaining a license as required by law.

There was no demurrer to the indictment, and no ground upon which one could have been interposed (*Peer's Case*, 5 Gratt. 674), and when the case was tried in the County Court, the plaintiff in error, without entering any plea, submitted the case to the court without a jury.

The facts proved are that the plaintiff in error is a licensed distiller, and as such sold whiskey to P. I. Huffman and H. T. Robinson; that the sale was not made to them jointly but separately, each buying for himself a gallon or more, which was measured out and placed in jugs left in the custody of the plaintiff in error, subject to the order of the purchasers. The sales were made during the months of September, October or November preceding the trial, and the price was paid at the time of the purchase or charged on a running account. Huffman's whiskey was put in a jug tagged " P. I.," and was taken away by him in quantities of less than one gallon, or delivered in quantities of less than one gallon, on his order, to Robinson, who conveyed and delivered the same to Huffman; that Robinson had his gallon put in a jug, which was left in the custody of McKeever under substantially the same circumstances as that which was sold to Huffman.

The errors assigned to this judgment are, first, because plaintiff

in error is a licensed distiller and, under the law, had a right to sell liquor manufactured by him in quantities not less than a gallon, and there is no proof that he did sell in quantities less than a gallon.

This assignment of error is disposed of by *Richardson's Case*, reported in 76 Va. 1007. The jury was there instructed that to constitute a sale by the gallon, there must be a sale and delivery to the buyer of an entire gallon; that a contract for a gallon, and the delivery of the same in parcels at different times, is a violation of the law. This instruction was held to be correct, the court saying in the course of its opinion, "that the purpose of the law would be defeated by the interpretation that the distiller might contract to sell a party a gallon of whiskey and mete it out to him in small quantities, say of a pint or half pint at a time, as he might call for it. Such sales of spirituous liquors would be mere shifts to violate the statute."

The second error assigned is because the indictment charges the sale of liquor to two persons jointly, and the proof was of separate and distinct sales to each of them.

We are of opinion that there is no such variance between the averment and the proof as would warrant us in reversing the judgment. The indictment, it is true, charges a sale to Huffman and Robinson, and the facts proved show a separate sale of liquor to each of them. The offence charged against plaintiff in error is the sale of ardent spirits without first having obtained a license as required by law, in the first count; and in having sold it in a quantity of less than a gallon, in the second count. There was no plea interposed, no objection made to the introduction of the evidence, and the case is before us as upon a demurrer to the evidence; and so treated, we cannot say that the facts proved are insufficient to support the judgment, which is affirmed.

*Affirmed.*