PEOPLE *v.* LUDERS.

1. INTOXICATING LIQUORS—NONPAYMENT OF TAX—"WHOLESALER" DEFINED.

To constitute one a wholesaler of liquors, within 2 Comp. Laws 1897, § 5380, defining a wholesaler as one who *sells* in quantities of more than a dozen quart bottles at one time, the *title* to a quantity exceeding that specified must pass to the purchaser at one time.

Hence, in a prosecution for carrying on the business of selling liquor at retail without having paid the required tax, a contention that respondent sold in quantities of more than a

dozen bottles, and was therefore a wholesaler, is not sustained, where it appears that, while the purchaser may have contracted for the larger quantity in the first instance, the deliveries were made in smaller quantities from time to time, as required by the purchaser, the liquor being paid for as delivered, and no specific bottles exceeding 12 in number were at any time set apart for his use.

2. CRIMINAL LAW—TRIAL—INDORSEMENT OF WITNESSES ON INFORMATION.

It was within the discretion of the trial court to permit the names of witnesses to be indorsed on the information at the trial, shortly before the jury was sworn, no objection being made to the sufficiency of the showing by the prosecuting attorney.

3. SAME — IMPROPER STATEMENTS OF PROSECUTOR — HARMLESS ERROR.

Where, in a criminal case, there was testimony by a number of witnesses to the material facts, which stood undisputed, a statement by the prosecuting attorney that he could make certain proof by witnesses whose names were not indorsed on the information, though it should not have been made, is not ground for reversal, since it could not have influenced the jury.

Exceptions before judgment from Muskegon; Russell, J. Submitted November 15, 1900. Decided May 7, 1901.

Henry Luders was convicted of a violation of the liquor law. Affirmed.

*Turner & Turner*, for appellant.

*Charles B. Cross*, Prosecuting Attorney, and *George S. Lovelace*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, C. J. The defendant was convicted of the offense of carrying on the business of a retailer of liquor without having paid the special tax. The testimony on the trial showed numerous sales of beer, in quantities of 12 bottles or less, at various times and to various people, unless the transactions are to be treated as part

performance of a contract to sell in larger quantities. In some instances, at least, the defendant contends that the testimony shows that the transaction was this: Defendant said to the would-be purchaser, "I cannot sell you less than 18 quart bottles, but I will deliver to you as you want it, you contracting to take 18 bottles;" that, this arrangement being assented to, the defendant would deliver in less quantities, and receive his pay for the same, and repeat this according to the requirements of the purchaser. The circuit judge left it to the jury to say whether this was a subterfuge, or whether the transaction was in good faith.

The instruction was too favorable to defendant. There was no hint in the testimony that any specific 18 quarts of beer were set apart for the purchaser, with the intent that the property in the beer should presently pass to the purchaser. The whole evidence is to the contrary. There was therefore a sale in quantities of less than one dozen quart bottles, within the meaning of section 5380, 2 Comp. Laws 1897. The question has been decided in other States under similar statutes, and, so far as we are advised, it has been uniformly held that the test is whether the property in the specific article in excess of the prescribed amount passed at one time. *Thomas* v. *State*, 37 Miss. 353; *State* v. *Poteet*, 86 N. C. 612; *State* v. *Kirkham*, 23 N. C. 385; *Richardson* v. *Com.*, 76 Va. 1007 (4 Am. Cr. Rep. 480). For a case noting the distinction, see *State* v. *Bell*, 47 N. C. 337.

Complaint is made of a ruling permitting names to be indorsed upon the information at the trial, shortly before the jury was sworn. The objection was that it was too late to permit the indorsement of names. No objection appears to have been made to the sufficiency of the showing by the prosecuting attorney. It was within the discretion of the circuit judge to permit the names to be indorsed. *People* v. *Baker*, 112 Mich. 211 (70 N. W. 431).

Complaint is made of a statement made by the prose-

cuting attorney to the effect that he could make certain proof by witnesses whose names were not indorsed on the information. The statement is one which ought not to have been made, but it is not possible that this statement could have influenced the jury in reaching a conclusion, as there was testimony by a number of witnesses to the material facts, and it stood undisputed. See *People* v. *Ringsted*, 90 Mich. 371 (51 N. W. 519).

No prejudicial error is discovered, and the conviction is affirmed.

The other Justices concurred.