ZIMMERMAN *v.* BOARD OF SUPERVISORS OF
CHEBOYGAN CO.

1. PUBLIC HEALTH—CONTAGIOUS DISEASES—INDIGENT PATIENTS—
SERVICES OF PHYSICIAN—LIABILITY OF COUNTY.

A board of supervisors which has contracted with a physician,
for a gross sum duly paid, to attend all indigent persons in a
certain district who may, within a given time, be afflicted
with diseases dangerous to the public health, cannot be com-
pelled to pay again for the services of such physician, though
claimed to have been rendered at the direction of a local
board of health under 2 Comp. Laws, § 4424, which has allowed
the bill therefor as a claim against the county.

2. SAME—DEFENSES.

Where accounts for supplies furnished and services rendered
to indigent persons afflicted with contagious diseases have
been allowed by a local board of health, under 2 Comp. Laws,
§ 4424, as claims against the county, the board of supervisors
of such county cannot refuse to pay the same on the ground
that such persons were residents of another county.

*Certiorari* to Cheboygan; Shepherd, J. Submitted
April 3, 1903. (Calendar No. 19,848.) Decided June 23,
1903.

*Mandamus* by Charles H. Zimmerman to compel the
board of supervisors of Cheboygan county to audit and
pay a claim. From an order denying the writ, relator
brings *certiorari*. Reversed.

*Reilley & Chambers*, for relator.

*Homer H. Quay*, for respondent.

PER CURIAM. Two persons in the village of Mackinaw
City were taken ill with smallpox. The health board of
the village took care of them, employed nurses, furnished
provisions, etc., and employed one Dr. George E. Brown
to take medical care of them. The parties furnishing

such materials and rendering the services assigned their claims to the relator. Their bills amounted to $266.67, and were made out to the county. They were allowed by the board of health of the village as claims against the county. It is admitted that the bills were reasonable. The account was presented to the board of supervisors, and rejected by them for two reasons: (1) That neither of the parties afflicted with the disease, and in whose behalf the bills were contracted, belonged to the county of Cheboygan; (2) that Dr. Brown had a contract with the board of supervisors, covering all the items of the bill, and that the services rendered by him were rendered under section 4460, 2 Comp. Laws, and that for these services the village or township, and not the county, is responsible, under section 4462, 2 Comp. Laws.

The respondent determined that one of the afflicted persons was a resident of Kent county, and the other of Emmet county. The board of supervisors made a contract with Dr. Brown, in which he agreed, for a sum named, to furnish all necessary medical treatment, drugs, and medicines, for the period of one year, for the proper care and treatment of any and all indigent persons unable to pay for medical care and treatment, and who had no person or persons legally bound to support them within the county of Cheboygan, and who might be afflicted or infected with any contagious, infectious, or communicable disease dangerous to the public health; such persons, at the time when so requiring medical aid, being residents of or being in "the following named townships or territory, which shall be known as District No. 2, viz.: The township of Mackinaw, and Hebron township, except south tier of sections." This contract was carried out, and Dr. Brown received his pay in accordance therewith.

Upon the refusal of the board of supervisors to allow the bill, the relator petitioned the circuit court for the county of Cheboygan for the writ of *mandamus* to compel its allowance and payment. The court below refused the writ. It is now before us by writ of *certiorari*.

1. Dr. Brown's bill is covered completely by his contract with the respondent. His agreement was to perform all services for which the county would be liable. Such contract is valid.

2. The claim was allowed by the local board of health, and presented to respondent, under section 4424, 2 Comp. Laws, which reads as follows:

"When any person coming from abroad, or residing in any township within this State, shall be infected, or shall lately before have been infected, with the smallpox, or other sickness dangerous to the public health, the board of health of the township where such person may be shall make effectual provision in the manner in which they shall judge best for the safety of the inhabitants by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents, or other persons who may be liable for his support, if able; otherwise, as a charge of the county to which he belongs. * * *"

A majority of the court are of the opinion that, under the previous decisions of this court (*McKillop* v. *Board of Sup'rs of Cheboygan Co.*, 116 Mich. 614 [74 N. W. 1050]; *Village of St. Johns* v. *Board of Sup'rs of Clinton Co.*, 111 Mich. 609 [70 N. W. 131]; *Elliott* v. *Board of Sup'rs of Kalkaska Co.*, 58 Mich. 452 [25 N. W. 461, 55 Am. Rep. 706]; and *Browne* v. *Board of Sup'rs of Livingston Co.*, 126 Mich. 278 [85 N. W. 745]), this claim was properly presented to the respondent board of supervisors, and that, under those decisions, it is the purpose of the law to make these claims an original claim against the county. It was therefore the duty of the respondent to pay these bills, it being conceded that they are reasonable and contracted in good faith. If the respondent thinks another county is liable, it may pursue the claim against such county.

It follows that the judgment must be reversed as to this part of the claim. No costs will be allowed.