STATE v. HOLDER.

(Filed December 1, 1903.)

1. INDICTMENTS—*Counts—Verdict—General Verdict.*

> Where there is more than one count in a bill of indictment, and there is a general verdict, the verdict is on each count, and if there is a defect in one or more of the counts, the verdict will be imputed to the sound count.

2. VENUE—*Exceptions and Objections—Waiver—Abatement—Plea— The Code, sec. 1194.*

> An objection to venue is waived unless taken in apt time by a plea in abatement.

3. LIMITATIONS OF ACTIONS—*Exceptions and Objections—Pleadings—Instructions.*

> The statute of limitations, if relied on by the accused, should be specifically brought to the attention of the trial judge by a plea or a request to instruct.

4. INTOXICATING LIQUORS—*Indictment—Licenses.*

> In a prosecution for the sale of intoxicating liquors without a license, the indictment should negative the accused having license to sell.

STATE *v.* HOLDER.

5. EVIDENCE—*Indictment—Intoxicating Liquors.*

> Evidence that the accused sold three pints of liquor does not sustain the charge of a sale by a measure less than a quart.

INDICTMENT against Felix Holder, heard by Judge *W. H. Neal* and a jury, at August Term, 1903, of the Superior Court of CABARRUS County. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Montgomery & Crowell,* for the defendant.

CLARK, C. J. The defendant was indicted jointly with one Sides for selling spirituous liquor without license. The indictment set forth three counts. The first count charges a sale by said Sides and the defendant, "by the small measure, viz., by a measure less than one quart, to-wit, three pints," alleging further that the said Sides had no license to retail. The second count charges a sale by Sides and the defendant, they not being licensed druggists and said spirituous liquor not being sold for medical purposes only and not upon a *bona fide* prescription of a legally practicing physician. The third count charges a sale by said Sides and the defendant of one pint of spirituous liquor, a local election duly authorized by statute having been held, at which total prohibition of the sale of spirituous liquor in said county had been adopted.

The evidence was that the party named as purchaser in the indictment (one Tucker) had bought three pints of whiskey of said Sides, and had then and there paid Holder the price of the whiskey. There was no evidence of co-partnership between Holder and sides. The Court charged the jury that if they found beyond a reasonable doubt that Sides and Holder sold three pints of whiskey to the witness Tucker, it

was their duty to find them guilty, otherwise not guilty. The defendant excepted, and there being a general verdict of guilty appealed from the judgment.

The defendant asked the Court to instruct the jury that there was not sufficient evidence to convict the defendant upon any count in the indictment. The Court refused and the defendant excepted. The State admits there was no evidence on the third count, but it is well settled in this State that where there is more than one count in the indictment, and there is a general verdict, this is a verdict of guilty on each count, and if there is a defect as to one or more counts by reason of any defect therein, or erroneous charge as to said count, or lack of evidence, the verdict will be imputed to the sound count in the indictment, as to which there was no erroneous instruction and upon which evidence is offered. *State v. Toole,* 106 N. C., 736, where the authorities to that effect, which are numerous, are collected. It has since been often cited and approved, *State v. Carter,* 113 N. C., 639; *State v. Edwards, Ibid.,* 654; *State v. Lee,* 114 N. C., 844; *State v. Perry,* 122 N. C., 1020; *State v. Railroad,* 125 N. C., 670; *State v. Peak,* 130 N. C., 712, and in still other cases.

The defendant, however, contends that the charge should have been given because it was not shown that the sale was in the county, nor within two years. But objection to venue is waived unless objection is taken in apt time by plea in abatement. *State v. Lytle,* 117 N. C., 799; *State v. Woodard,* 123 N. C., 710; The Code, sec. 1194. So, if the statute of limitations was relied on, it should have been specifically brought to the attention of the Court by plea or a request to charge, the object being in both cases that if the offense was in fact committed in the county and within two years, the Judge should, upon either being put in issue, allow evidence to be introduced that there should not be a defect in the administration of justice by an inadvertent failure to prove venue or

date, when neither had been questioned. *State v. Patterson,* 74 N. C., 230, in which *Settle, J.,* stated that under the practice in this State the prosecution was not required in the first instance to prove venue, time, etc., but when the matter was put in issue by a request to charge specifically as to those phases the Court might permit the solicitor to recall a witness and prove time, place, etc. This is eminently just, as the purpose of the law is to try criminal as well as civil actions upon their merits, and to ascertain the truth of the matter in controversy. A trial "is not a game of skill in which the object is to catch the Judge (or the other side) 'out on first base' by an inadvertence or error." (*Wilson v. Mfg. Co.,* 120 N. C., 96), which can be corrected at the time if called to the attention of the Court. Hence the decisions of this Court are uniform that an objection that "there is no evidence" cannot be considered unless there is a prayer to so instruct the jury, and thus give opportunity to put in evidence upon the point referred to if it is available but has been merely overlooked. *State v. Williams,* 129 N. C., 582; *State v. Harris,* 120 N. C., 577, and numerous cases there cited, and in Clark's Code (3 Ed.), at pp. 511 and 773. Had the defendant asked an instruction that "there was no evidence that the offense had been committed within the county and within two years," the inadvertence could have been corrected at once by evidence, or, on failure to do so, the Judge could have directed a verdict of not guilty.

The defendant moved in arrest of judgment in this Court because it is not charged that Holder "had no license to sell." This motion must be sustained. It is true that a conviction of Sides (if appealed from) would be sustained by proof that Holder sold as his agent (*State v. Kittelle,* 110 N. C., 564, 28 Am. St. Rep., 698, 15 L. R. A., 694), and that Sides would be none the less guilty because the money was paid to Holder (*State v. Best,* 108 N. C., 747), or any other device

to evade the law was used. *State v. McMinn,* 83 N. C., 668. It is also true that if Sides sold liquor illegally Holder would be guilty if he aided or abetted such illegal act. But if Holder himself had license to sell, his participation in the sale would not be illegal, and the indictment should negative his having license to sell. *State v. Bradley,* 132 N. C., 1060; *State v. Kirkham,* 23 N. C., 386.

The second count is also fatally defective on the same ground, for while it charges that both Holder and Sides, not being druggists, sold spirituous liquor not for medicinal purposes, nor upon prescription, etc., it fails to negative their having license to retail. Approved precedents are so readily accessible it is to be regretted that solicitors should in any case tax the time and patience of Courts with defectively drawn bills of indictments, especially in such matters as this, where indictments are of common occurrence. Nor do we comprehend the charge of a sale "by a measure less than a quart, to-wit, three pints." Only one sale was shown, and the Court should have charged as asked that if the "three pints were sold at one time and in one transaction," it would not sustain the charge of a sale by a measure less than a quart. *State v. Poteat,* 86 N. C., 612, presented an entirely different state of facts, and discusses the distinction.

The third count seems unobjectionable in form, but the State admits that there was no evidence to support that count (*State v. Chambers,* 93 N. C., 604), and that a prayer to so instruct the jury was asked in apt time and refused, and for this, the other counts being defective, there must be a

New trial.