KAPP v. BOARD OF AUDITORS OF WASHTENAW COUNTY.

PHYSICIANS— CONTAGIOUS DISEASES — TREATMENT — BOARD OF
HEALTH—CONTRACTS—LIABILITY OF COUNTY—VESTED RIGHTS—
STATUTES—APPLICATION.

Where a physician entered into a contract with a township
board of health to care for indigent persons affected by con-
tagious diseases at a specified price per visit and mileage, at a
time when the county was liable to pay for such services on
their allowance by the local board of health, the physician
had a vested right to payment for such services, though Act
No. 7 of the Public Acts of 1903, authorizing boards of super-
visors to pass on the reasonableness of claims for such ser-
vices, took effect before such claim was allowed by the local
board.

Certiorari to Washtenaw; Kinne, J. Submitted June
14, 1904. (Calendar No. 20,496.) Decided July 27, 1904.

Mandamus by Christian F. Kapp to compel the board
of auditors of Washtenaw county to allow a bill for ser-
vices in cases of contagious diseases. From an order de-
nying the writ, relator brings certiorari. Reversed.

*A. J. Waters* (*A. F. & F. M. Freeman*, of counsel),
for relator.

*John L. Duffy*, for respondent.

HOOKER, J. On January 9, 1903, the board of super-
visors of Washtenaw county passed a resolution providing
for contracts with physicians relative to care of indigent
persons affected by contagious diseases. The supervisor
of the township of Freedom in said county was present
when the resolution was passed, and had knowledge there-
of. On February 10, 1903, he, as one of the board of
health of his township, made a written contract with rela-
tor respecting such cases in his township at the price of

$10 per visit and 25 cents per mile going, only. Services were rendered under this contract, and a bill for $1,371 was rendered. This sum includes $34 for clothing and other property furnished and destroyed. It was allowed at the sum of $569.50. Relator claims that $801.50, covered by the first contract, was wrongfully disallowed.

At its 1903 session the legislature passed Act No. 7 of the Public Acts of that year, and gave it effect March 13, 1903, being after the services under the contract of February 10th were performed. This act provided for a change in the law giving the boards of supervisors authority to pass upon the reasonableness of claims for services in caring for indigent persons, by direction of the board of health, whereas before the allowance by the local board was usually final and conclusive upon the board of supervisors. The board of auditors refused to allow and pay the bill.

It is the claim of the respondent that Act No. 7, referred to, affected the remedy only, and has a retrospective effect; that the contract was not impaired, (1) because relator has his remedy against the township, (2) because the contract was with the township, and not with the county, which did not assent to it. No question appears to be raised over the authority of the township board of health to agree in advance upon the price to be paid for such services. It is unimportant whether they might properly do so or not, for the service was rendered at the 'request of that board, and the bill was audited and allowed by it. We understand that there is no question of fraud or collusion in the case.

Had this allowance been made before the act took effect, we think it clear that the respondent must have paid the bill, and that relator's right could not, in such case, have been affected by the legislature. Does the fact that the allowance was deferred until after such act took effect justify the board of auditors in its action? The relator rendered services under a law which made the county liable to pay for them upon allowance by the local board. The amount was agreed upon in advance. He had a

vested right to such payment, when lawfully allowed by the local board, and it could not be taken away or impaired by legislation, as it would be if the supervisors were authorized to question its reasonableness. The services were rendered upon different terms. *Elliott* v. *Board of Sup'rs of Kalkaska Co.*, 58 Mich. 452 (25 N. W. 461, 55 Am. Rep. 706); *Pease* v. *Common Council of Saginaw*, 126 Mich. 440 (85 N. W. 1082); *Zimmerman* v. *Board of Sup'rs of Cheboygan Co.*, 133 Mich. 494 (95 N. W. 535); *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.*, 135 Mich. 124 (97 N. W. 409).

The order of the circuit judge is reversed, and the writ will issue as prayed.

The other Justices concurred.