STATE OF CONNECTICUT *v.* DENNIS T. GUAY

SUPERIOR COURT HARTFORD COUNTY FILE NO. 25659

Memorandum filed November 19, 1963

 

*John D. LaBelle,* state's attorney, for the state.

*Wallace R. Burke,* of Hartford, for the defendant.

MEYERS, J. The motion to quash the indictment in the above matter was filed subsequent to the entry therein of a plea of not guilty. It rests on claims by this accused that he has been denied his right to counsel in the grand jury proceeding which concerned itself with the crime here involved. A further reason advanced is that evidence, hearsay in nature, was offered to and received by that grand jury. An additional claim, originally advanced and contained in the motion, recited that this defendant, although allowed to be present, was denied, by the grand jury, his right to examine and question witnesses before the grand jury. The latter claim has been abandoned.

Since 1815, at least, our law has not permitted counsel, either for the state or for one with whose conduct a grand jury is concerned in connection with a capital crime, to be present during that body's examination of witnesses, discussions or deliberations. *State* v. *Kemp,* 126 Conn. 60, 66; *Lung's Case,* 1 Conn. 428. The person against whom a grand jury may or may not proffer an accusation or true bill may be present, if he so desires, as witnesses are examined. He may ask proper questions of them but is not privileged to present witnesses or evidence in his behalf. The extension of such benefit is neither universal nor considered to be a right. *State* v. *Hamlin,* 47 Conn. 95, 104. It is sin-

gular and but a liberality of our practice. *State* v. *Fasset,* 16 Conn. 457, 469. It is not contemplated that such an invitation in a capital case be translated into an opportunity for either or both the state's attorney or counsel for one who may or may not become an accused to influence the actions and orderly process of an inquiry or an accusatorial body. Such a transition does not appear to this court to be consonant with the intent or objectives of either the establishment or the characteristic functions of a grand jury. In a general investigation to determine if a crime has been committed, the rule may be otherwise. *State* v. *Kemp,* supra.

As to the claim of hearsay evidence having been admitted and the attempt to prove this by offering the defendant as a witness, our law is equally clear. The court fails to find any change in this respect since 1844. Then it was held that the proceedings before a grand jury are to be kept secret, with limited exceptions here not pertinent. To do otherwise would make a mockery of forbidding the public access to the operations of the grand jury, their investigations, deliberations and vote. *State* v. *Fasset,* supra, 470; *State* v. *Hamlin,* supra, 115; *State* v. *Coffee,* 56 Conn. 399, 410; *State* v. *Hayes,* 127 Conn. 543, 580. Even though hearsay evidence may be heard by a grand jury, opportunity for correction thereof, if required and desired, exists in the trial before a petit jury. Questions of admissibility of evidence arise continually in courts concerning which counsel and judges differ. It is not to be expected that a grand jury, composed principally of lay men and women, would be more apt to be unanimous in their opinions as to the propriety of the admission before them of particular evidential matter. Further, it has been held that such grounds of objection as inadmissibility of evidence before a grand jury have been waived if not made

until after a plea of not guilty has been entered by an accused. *State* v. *Wolcott,* 21 Conn. 272, 280.

Briefs have been submitted containing arguments predicated also upon the holdings in a series of recent decisions by the Supreme Court of the United States dealing with lack of counsel for one accused of crime. Comment is now made on the instant applicability of those and other cases.

It is clear that the grand jury hearing was not such a proceeding wherein it was imperative for this accused either to have been aware of all defenses available to him or to have been able to plead intelligently. Such need formed the basis of the finding in *Hamilton* v. *Alabama,* 368 U.S. 52, 55. Our grand jury does not exist to evaluate defenses or demand pleas to offenses. The grand jury is but an accusatorial body, without other purpose than to accuse or not and so to determine whether or not one should even be presented for trial before a petit jury or as is otherwise provided. *State* v. *Wolcott,* supra. The end result of an indictment by a true bill in a capital case is no greater or more effective than the issuance of an information by a state's attorney in such matters where that is permitted. In either case, an accusation is made, an arraignment may follow and a trial or other means of disposition occur. In the case of the grand jury hearing, it is to be borne in mind that the protection of one suspected of a capital offense extends to the point where that one may not even be accused legally until at least twelve of eighteen of the members of the body conclude that a prosecution should follow.

Our United States Supreme Court in a per curiam decision has recently held that it would not stop even to determine whether or not prejudice has resulted to one accused of crime who was denied coun-

sel at a "critical stage" of the proceedings in the prosecution instituted against him. *White* v. *Maryland,* 373 U.S. 59, 60 (decided April 29, 1963). It is obvious that in the matter with which we are concerned no proceedings such as the preliminary hearing for arraignment which had occurred in the cited case had come into being against the defendant at the time complained of. Guay had not been accused, he was under no obligation to speak, he could not offer matter in defense because he was not legally accused of the crime and this was no occasion for an arraignment or plea.

The Supreme Court of the United States has held that in a private investigatory proceeding by state officers testimony may be taken against a witness unrepresented by counsel notwithstanding that the witness himself is under suspicion in connection with the matter being investigated; also that only when charges are made in a criminal proceeding may the demand be made for counsel and until that time protection consists of the privilege against self-incrimination. *In re Groban,* 352 U.S. 330.

It seems to this court that the question of when a man needs counsel is determinative. It has been held that when, for instance, a plea to a capital charge is required an accused is to have benefit of counsel. *Hamilton* v. *Alabama,* supra. That this is indeed a critical stage of the proceedings against him is not to be denied. It has been suggested in *Gideon* v. *Wainwright,* 372 U.S. 335, 344 (decided March 18, 1963), that a defendant's need for counsel is not anywhere better stated than in the moving words of Mr. Justice Sutherland in *Powell* v. *Alabama,* 287 U.S. 45, 68. "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with

crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."

It would appear that little comfort for this accused may be had from these words. It has already been stated that the accused did not have a legal right to be heard before the grand jury in their proceedings. He could neither testify nor make a statement nor offer any evidence. *Lung's Case,* 1 Conn. 428; transcript, *State* v. *Guay,* p. 16 (Sept. 24, 1963) (instructions to grand jury). Justice Sutherland in the *Powell* case, supra, speaks of one who, left without counsel, is put on trial without a proper charge, and convicted, as being deprived of "the guiding hand." In the instant cause, the defendant at the time of the grand jury proceeding, as has been observed, was neither accused nor arraigned nor tried. He faced no danger of conviction in the grand jury proceedings and had neither right nor need at that time "to establish his innocence."

As to the *Gideon* case, supra, the facts include that the indigent accused was charged with a felony but not a capital crime. At the time of trial he asked for and was denied counsel and then was convicted as charged. In holding (372 U.S. 343) that the Florida state court erred and that the accused was then entitled to counsel, the Supreme Court reconsidered and specifically overruled an al-

most identical case, that of *Betts* v. *Brady,* 316 U.S. 455, and the holding of the latter that "appointment of counsel is not a fundamental right, essential to a fair trial." The *Gideon* case is a most recent authority for the proposition that one accused of crime must have counsel made available to him in accordance with the Bill of Rights. It is held therein also that the provision of the sixth amendment to the constitution of the United States, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence," applies also to prosecutions in our state courts. This is reasoned to be so by force of the due process clause as contained in the fourteenth amendment to the United States constitution.

However, the rationale of *Gideon* is not controlling in the instant cause. The defendant's constitutional guarantees, his privileges, and his rights, as contained in the Bill of Rights, relative to the furnishing of counsel for his defense have neither been abridged nor violated. Guay had his own counsel for some time prior to the grand jury hearing complained of. Guay, so far as these grand jury proceedings were concerned, was not heard, nor arraigned, nor put to plea, nor prosecuted, nor tried. He had no right then to introduce either evidence exculpating himself or any witnesses in his behalf. He could not have sought to change the grand jury into a traverse or trial jury. *Commonwealth* v. *McNary,* 246 Mass. 46, 52. It has long been held that grand juries "are only to hear evidence on behalf of the prosecution; for the finding of an indictment is only in the nature of an inquiry or accusation, which is afterwards to be tried and determined; and the grand jury are only to inquire upon their oaths, whether there be sufficient cause to call upon the party to answer it." 4 Blackstone, Commentaries 302.

Guay was not denied his privilege of counsel at a "critical stage" of the proceedings as contemplated in *White* v. *Maryland,* 373 U.S. 59, 60.

The motion to quash is denied.