Sadler v. State.

WILLIAM SADLER *v.* STATE.

*(Nashville.* December Term, 1910.)

1. CRIMINAL LAW. Unnecessary presence of grand jury officer is reprehensible, but his casual presence when witnesses are examined will not vitiate indictment or presentment.

The policy of the statute (Shannon's Code, sec. 7041), prohibiting the presence of any officer or person with the grand jury, "when the question is taken upon the finding of an indictment," requires secrecy in the investigations and proceedings of the grand jury, and their sessions are not open to the public; and while it is improper and highly reprehensible for a court officer unnecessarily to enter or remain in the grand jury room, and, for such conduct, he should be rebuked and punished by the presiding judge, yet his casual presence during the examination of witnesses will not vitiate or invalidate the indictment or presentment, unless it is shown that he attempted to interfere with or influence the grand jury in its action. (*Post, pp.* 52-54.)

Code cited and approved: Sec. 7041 (S.); sec. 5907 (M. & V.); sec. 5082 (T. & S. and 1858).

Cases cited and approved: State v. Kimball, 29 Iowa, 267; Richardson v. Commonwealth, 76 Va., 1007; State v. Bacon, 77 Miss., 366.

2. SAME. Plea in abatement to indictment or presentment upon repugnant grounds is bad, if point is made.

Where the plea in abatement to a presentment is based upon two grounds, the first of which is that the grand jury officer was in the grand jury room during the examination of witnesses upon whose testimony it is supposed the presentment was found, and the second of which is that the presentment purported to have been returned upon the testimony of wit-

Sadler v. State.

nesses, when as a matter of fact no witnesses were heard, these two grounds are repugnant to each other, and such plea is bad, if the point is made in the trial court. (*Post, pp* 52, 54.)

3. SAME. Same. Repugnant grounds of plea in abatement to indictment or presentment not pointed out or acted on in trial court may be considered in supreme court.

Where no point was made or action taken in the trial court on a plea in abatement to a presentment or indictment for repugnancy between the two grounds relied on, both grounds may be considered fully in the supreme court. (*Post, pp.* 54, 55.)

4. SAME. Presentments may be returned upon personal knowledge of grand jurors or upon testimony of witnesses.

A presentment may be returned either upon the personal knowledge of the grand jurors, or upon testimony of witnesses heard by them. (*Post, p.* 55.)

5. SAME. Presentment does not show that it was found upon testimony of witnesses, because of indorsed designation of witness to be summoned for State.

A presentment does not show that it was found upon the testimony of witnesses examined before the grand jury, because there was indorsed thereon, after the style of the case and the designation of the offense, these words: "Summon witnesses for the State: Jno. W. Hunter," etc., followed by the signatures of the attorney-general and the foreman and members of the grand jury. (*Post, pp.* 55, 56.)

Code cited and construed: Secs. 7052, 7054 (S.); secs. 5918, 5920 (M. & V.); sec. 5092 (T. & S. and 1858).

Case cited and approved: State v. Lewis, 87 Tenn., 119, 121.

Sadler v. State.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County.—W. M. HART, Judge.

TURNEY & TURNEY and CHERRY & STEGER, for Sadler.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was convicted of selling intoxicating liquor within four miles of a schoolhouse, was fined and sentenced to six months in jail, and has brought his case to this court.

No assignment of error upon the facts is made here, it being conceded that the evidence is sufficient to sustain the verdict.

On the trial below, a plea in abatement was interposed by the defendant there, which plea was demurred to by the State, and the demurrer sustained.

Two grounds of the plea in abatement are relied on as errors here and properly assigned.

The first is that one Will Jones, whom the record shows to have been appointed grand jury officer, was present in the grand jury room during the examination of witnesses from the testimony of whom it is supposed this presentment was found.

The statute on this subject is as follows:

"Whenever required by the grand jury, the prosecuting attorney may attend before it for the purpose of giving legal advice as to any matters cognizable by them, but shall not be present, nor shall any other officer or person, when the question is taken upon the finding of an indictment." Shannon's Code, section 7041.

It will be observed that the prohibition against persons being present in the grand jury room is directed particularly against their presence "when the question. is taken;" that is to say, the statute prohibits the presence of any person when the grand jurors vote on the finding of an indictment. There is nothing said in respect to the presence of court officers or other persons during the examination of witnesses.

The policy of the law required that the investigations of a grand jury should be in secret, and their sessions are not open to the public. It is improper for a court officer to unnecessarily enter or remain in the grand jury room. Such conduct on his part should be rebuked and punished by the trial judge. While such a course is highly reprehensible, yet in a case like this we are not willing to go to the extent of holding that the casual presence of a court officer in the grand jury room during the examination of witnesses should have the effect of vitiating an indictment or presentment; that is, unless there is some showing that the officer attempted to interfere with or influence the grand jury in its action.

So far as we know, this court has not expressed itself

on this proposition in any reported case, although there have been oral opinions on this subject to the effect that the presence of a grand jury officer in the room during the examination of witnesses did not vitiate an indictment or presentment.

It has been held by the courts of other States that, since it is customary to have officers in attendance upon grand juries, and in the performance of their duties it is often necessary for such officers to enter the grand jury room, the mere fact that an officer is present during the examination of witnesses "will not vitiate an indictment, in the absence of proof that he influenced or attempted to influence the jury in making its finding." 20 Cyc., 1341; *State* v. *Kimball,* 29 Iowa, 267; *Richardson* v. *Commonwealth,* 76 Va., 1007.

It is so held in Mississippi, even though the officer be present during the deliberations of the grand jury. *State* v. *Bacon,* 77 Miss., 366, 27 South., 563.

We think the principle of these cases is correct, and accordingly find no error in the action of the criminal judge in sustaining the demurrer to this ground of the plea in abatement.

The other ground of the plea in abatement, which is relied on here, is that this presentment purported to have been returned on the testimony of witnesses, when as a matter of fact no witnesses were heard.

While, as a matter of course, these two grounds of the plea in abatement are repugnant, still, as no point was

made or action taken on them in the court below, for that reason we will here consider them fully.

It should be noticed that the plea does not aver that the presentment was returned on the testimony of witnesses, but the averment is that the presentment purports to have been returned on the testimony of witnesses.

Examination of the presentment is therefore necessary.

There is nothing whatever on the face of the presentment to show whether it was returned on the knowledge of the grand jurors, or whether upon the examination of witnesses. It is, of course, conceded that presentments may be returned either upon the personal knowledge of the grand jurors, or upon testimony heard by them.

On the back of this presentment, after the style of the case and the designation of the offense, appears the following:

"Summon witnesses for the State: Jno. W. Hunter, at telephone company, Powell Cave." Then appears the signature of the attorney general, and the signatures of the foreman and members of the grand jury.

Speaking of an indorsement on a presentment similar to this, this court said:

"Exactly what office this indorsement was intended to serve does not clearly appear. Certainly it has no technical or fixed legal significance, as relating to a presentment, and there is no law requiring it.

"Where witnesses are called and examined by the grand jury under the inquisitorial power, the fact that they were sworn by the foreman is required to be indorsed upon the subpoena, and not upon the presentment. Code [1884], section 5918.

"In the case of an indictment, the names of witnesses sworn by the foreman of the grand jury are by him to be indorsed upon the indictment; but in all cases of presentment, the names of witnesses so sworn are to be indorsed upon the subpoena. Code [1884], section 5920.

"So in this case no legal inference is to be drawn from the indorsement, beyond the fact therein stated. It is not stated that the witnesses named were examined upon this presentment, or that it was to any extent based upon the testimony. The court can indulge no presumption that such was the fact." *State* v. *Lewis,* 87 Tenn., 119, 121, 9 S. W., 427, 428.

Accordingly, upon the authority of this case, it is not true that this presentment purports to have been found on the testimony of witnesses.

The presentment showing upon its face, therefore, that it does not purport to have been found on the testimony of witnesses, the criminal judge properly sustained the demurrer to this ground of the plea in abatement.

The judgment of the court below will be affirmed.