Charles William TILLER, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

April 28, 1980.

Rehearing Denied June 30, 1980.

F. Glenn Sisson, James W. Baxter, Memphis, for petitioner.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for respondent; Brooks McLemore, Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Chief Justice.

We granted certiorari at the instance of the defendant to consider the propriety of the attendance of an Assistant District Attorney General before the grand jury, of his examining witnesses before that body and of the propriety of a transcript being made of the testimony of witnesses given before the grand jury and whether that transcript may be made available to the District Attorney General for his use.

The defendant was convicted in the trial court of two counts of first degree murder and sentenced to two consecutive terms of 100 years in prison. The convictions were affirmed in the Court of Criminal Appeals, although separate opinions were written by each of the three members of that panel.

The issues presented arose out of the testimony of Walter Harty, a witness for the State. Harty was a friend of the defendant and had been in the company of the defendant shortly after the murders were committed. Harty gave a statement to police officers shortly after the commission of the murders and in his statement related conversations which he had with the defendant; but, it appears that later, in his appearance before the grand jury, he changed in some particulars, the substance of the defendant's alleged statements to him concerning the killings. In his appearance before the grand jury, Harty explained that the discrepancies arose from the fact that the police had coerced him into making untruthful accounts to them of the defendant's declarations about the killings.

A transcript of Harty's grand jury testimony was in the possession of the District Attorney General during the trial of this cause and was made an exhibit during the taking of Harty's testimony. It appears from this transcript that the questioning of Harty before the grand jury, some of it in the nature of cross examination, was conducted by Assistant District Attorney General James H. Allen. It further appears that a stenographer or court reporter was also present during the taking of Harty's grand jury testimony. The record does not disclose, however, whether the Assistant District Attorney General Allen, or some other representative of the District Attorney General's office, or the court reporter was in the presence of the grand jury at the time it voted upon the indictment of the defendant.

During Harty's direct examination at the trial of this cause, he was asked whether he adopted his statement to the police as a correct one and he replied that he did not. Then he was asked about the truthfulness of this statement before the grand jury, although that statement was not identified as such, and he replied that it was correct. No further use of these statements was made and they were not read to the jury. However, the trial judge permitted the transcript of Harty's grand jury testimony

to be filed as an exhibit in a sealed envelope to be opened only upon order of the appellate court.

Upon cross examination of Harty, defense counsel attempted to show that the statement which he had given to the police had been the product of coercion but the objections of the prosecutor to these questions were sustained. At this point the defendant moved to quash the indictment "as upon a delayed plea in abatement" on the ground that the prosecutor, by examining a witness before the grand jury, had violated T.C.A., § 40–1610, and that the District Attorney General's possession and use of the transcript of Harty's grand jury testimony violated the secrecy provisions of T.C.A., §§ 40–1611 and 40–1612. Although conceding that the conduct of the prosecutor in these respects may have been improper, the trial judge held that the defendant had failed to make a showing of prejudice and, therefore, denied the motion.

The Court of Criminal Appeals affirmed the action of the trial court but the judges gave varying reasons for their action. Judge O'Brien, in the principal opinion, concluded that, in appearing before the grand jury and in cross examining the witness, Harty, the Assistant District Attorney General had been in "absolute violation of the statute," T.C.A., § 40–1610; that there was no authority for the grand jury to make a transcript of its proceedings, citing *Parton v. State*, 2 Tenn.Cr.App. 626, 455 S.W.2d 645 (1970); and, that allowing the Attorney General access to the transcript violated the rule of secrecy regarding the grand jury proceedings as provided by T.C.A., §§ 40–1611 and 40–1612. He noted, further, however, that there was no indication that the prosecutor had been in the presence of the grand jury when it voted upon the indictment or that he had improperly influenced their decision. Thus, he concluded, the action of the prosecutor was harmless error.

Both Judges Dwyer and Duncan were of the opinion that the District Attorney General might properly appear before the grand jury and examine witnesses at the request of the grand jury and also make a record and transcript of the testimony of such witnesses if done at the request of the grand jury, and that nothing in the record indicated that the actions of the Assistant District Attorney General in the instant case were not at the request of the grand jury. They, therefore, presumed such a request and concluded that there was no evidence of impropriety on the part of the Assistant District Attorney General in this case.

Although it is our opinion that a resolution of the issues presented must be based upon certain statutes hereinafter discussed, we deem it appropriate to note the state of the law in other jurisdictions. The practice in most jurisdictions is indicated by the following quotation from an annotation entitled "Presence in Grand Jury Room of Person Other Than Grand Jurors," 4 A.L.R.2d 394, § 6 at 400 (1949) to wit:

"The almost universal practice is for the prosecuting attorney to appear before the grand jury in his official capacity and assist them in their investigation, examining witnesses and advising the grand jury on questions of law; but he is not as a general rule permitted to be present during the deliberations and voting of the jury."

At the other end of the spectrum are the states of Connecticut, North Carolina and Virginia, the first two of which prohibit prosecutors from grand jury proceedings by court decision, *State v. Guay*, 25 Conn.Sup. 61, 196 A.2d 599 (1963); *State v. Colson*, 262 N.C. 506, 138 S.E.2d 121 (1964). The Virginia practice is based upon a statutory provision to the effect that only members of the grand jury and the witness under examination may be present during the hearing of evidence and that prosecutors may be admitted for the purpose of testifying when called or to give "legal advice." *Virginia Rules of Criminal Procedure* 3A:6, 4A Code of Virginia (1950).

At the time the trial in this case occurred, T.C.A., § 40–1610, was in effect and provided:

"Attendance of district attorney—Whenever required by the grand jury, the pros-

ecuting attorney may attend before it for the purpose of giving legal advice as to any matters cognizable by them, but shall not be present, nor shall any other officer or person, when the question is taken upon the finding of an indictment."[1]

It, thus, appears that the statute by which we are governed limits the attendance of the prosecuting attorney before the grand jury to the "giving of legal advice" and then only at the specific request of the grand jury. The statute does not expressly authorize his attendance for any other purpose, such as the examination of witnesses before the grand jury, as is sometimes provided by the statutes of other jurisdictions, e. g., Federal Rules of Criminal Procedure 6(d); § 905.19, Fla., Statutes Annot. Our statute definitely appears to be of the restrictive type such as that of Virginia above mentioned.

Moreover, we are not aware of any basis for expanding the ordinary meaning of the common words "giving legal advice" to include the examination of witnesses before the jury, a function which is ordinarily understood to be quite distinct from the giving of legal advice. This construction of the phrase "giving legal advice" is recognized by *ABA Standards*, "The Prosecution Function," § 3.5(a) (1970), where it is said:

> "Where the prosecutor is authorized to act as legal advisor to the grand jury he may appropriately explain the law and express his opinion on the legal significance of the evidence but he should give due deference to its status as an independent legal body."

We find no court decision of this State which authorizes the attendance of the prosecuting attorney before the grand jury for the examination of witnesses.

■ Accordingly, we conclude that prosecuting attorneys have no authority to appear before the grand jury in session for any purpose other than the giving of legal advice and that the action of the prosecuting attorney in the instant case in appear-

ing before that body to examine witnesses was improper and not authorized, whether requested by the grand jury or not.

■ We note that one of the judges of the Court of Criminal Appeals in a concurring opinion refers to the alleged "current widespread practice of Attorneys General in making a record of the testimony of witnesses who appear before the grand juries." If such has been the practice in the past, it certainly should not be so in the future for, in the words of Judge O'Brien, it is "in absolute violation of the statute."

Although it is clear from what we have already said that the District Attorney General is not authorized to record or have recorded upon his behalf the testimony of any witnesses appearing before the grand jury, the question remains whether or not the grand jury itself may properly record such testimony and make a transcript thereof.

■ The applicable statutes, T.C.A., §§ 40–1611 and 40–1612, which have been superseded by Rule 6(k)(1), (2), Tennessee Rules of Criminal Procedure, neither expressly provide for nor expressly forbid the recording of such testimony. It is clearly implied, however, at least by the Tennessee Rules of Criminal Procedure, Rule 16(a)(1)(A) that it is proper for the grand jury to record such testimony. Thus, Rule 16(a)(1) permits the discovery of the testimony of a defendant before the grand jury and the committee comment, in explanation, states that "grand jury proceedings are not presently regularly recorded, but could be." We conclude, therefore, that it is proper for the grand jury, but not the District Attorney General, to record or have recorded the testimony of witnesses appearing before that body, provided that the injunction of secrecy contained in T.C.A., §§ 40–1611 and 40–1612, is strictly adhered to. T.C.A., § 40–1611, provides:

> "Every member of the grand jury shall keep secret the proceedings of that body, and the testimony given before them, except as provided in § 40–1612."

T.C.A., § 40–1612, provides:

---

1. This provision is now superseded by Rule 6(h)(1), Tennessee Rules of Criminal Procedure,

which became effective July 13, 1978. However, the new rule is identical to the statute.

"A member of the grand jury may be required by the court to disclose the testimony of a witness examined before them, for the purpose of ascertaining whether it is consistent with that given by the witness before the court, or to disclose the testimony given before them by any witness upon a charge against him for perjury."

The record does not disclose the manner in which the prosecuting attorney in this case acquired a transcript of the grand jury testimony of the witness Harty but in view of the provisions of the last two statutes above quoted it is difficult to see how his possession of that transcript could have been properly acquired. This is true because the prosecuting attorney is not authorized to make a transcript of the testimony of witnesses before the grand jury and the members of the grand jury are forbidden by the quoted statutes from divulging such testimony except when "required" by the court "to disclose the testimony" in open court for one of the purposes there stated.

It does not follow, however, that the improper actions of the prosecuting attorney as hereinabove discussed require dismissal of the indictment. Abatement of the indictment would not be justified unless the defendant made a showing of prejudice resulting from the improper activities discussed. *Sadler v. State*, 124 Tenn. 50, 136 S.W. 430 (1911); *Smartt v. State*, 112 Tenn. 539, 80 S.W. 586 (1904); 38 C.J.S. *Grand Juries* § 40(e) (1943).

In *Sadler v. State, supra*, it appeared that an officer of the law who had been appointed to attend the grand jury was present in the grand jury room during the examination of witnesses. It was asserted that this invalidated the indictment. Green, J., writing for the court, discussed the contention made as follows:

"It will be observed that the prohibition [of T.C.A., § 40–1610] against persons being present in the grand jury room is directed particularly against their presence 'when the question is taken;' that is to say, the statute prohibits the presence of any person when the grand jurors vote on the finding of an indictment. There is nothing said in respect to the presence of court officers or other persons during the examination of witnesses.

"The policy of the law required that the investigations of a grand jury should be in secret, and their sessions are not open to the public. It is improper for a court officer to unnecessarily enter or remain in the grand jury room. Such conduct on his part should be rebuked and punished by the trial judge. While such a course is highly reprehensible, yet in a case like this we are not willing to go to the extent of holding that the casual presence of the court officer in the grand jury room during the examination of witnesses should have the effect of vitiating an indictment or presentment; that is, unless there is some showing that the officer attempted to interfere with or influence the grand jury in its action." 136 S.W. at 430–31.

The court held that the record failed to disclose any prejudice occurring to the defendant and, accordingly, overruled his assignment of error in this respect.

A similar result was reached by this Court in *Smartt v. State, supra*. In that case the defendant filed a plea in abatement to the indictment upon the ground that the prosecuting attorney had appeared before the grand jury in violation of what is now T.C.A., § 40–1610. The State demurred to the plea and this Court sustained the demurrer holding that the plea was bad because it failed to negative a request of the grand jury for his presence, did not aver that the discussion and influence with which the plea charged the prosecuting attorney was other than in the matter of giving mere legal advice and not in regard to the facts or evidence and, particularly, did not charge his presence when the question was taken on the finding of the indictment.

■ In the case at bar there is no showing that the defendant was prejudiced by the improper actions of the prosecuting attorney. Moreover, the evidence against the defendant is so overwhelming that the errors alleged are necessarily in the harmless

category. The defendant was positively identified by witnesses to the slayings and his motive was established. We find no reason to overturn his judgment of conviction.

Accordingly, the judgment of the Court of Criminal Appeals and that of the trial court are affirmed. Costs are assessed against the defendant and his surety.

FONES, COOPER, HENRY and HARBISON, JJ., concur.