**Claudius I. VERMILYE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Sept. 4, 1987.

Permission to Appeal Denied by
Supreme Court Dec. 28, 1987.

Jeff Stewart, Winchester, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynne Anne Hattaway, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

JONES, Judge.

The petitioner, Claudius I. Vermilye, was convicted of three (3) counts of crime against nature and five (5) counts of aiding and abetting crime against nature. The

jury imposed sentences of five (5) to ten (10) years for each of the three (3) counts of crime against nature, and ten (10) to fifteen (15) years for each of the five (5) counts of aiding and abetting crime against nature. The trial court divided the eight sentences into three groups and ordered the sentences in each group to be served consecutively to the others. The order on consecutive sentencing resulted in an aggravated sentence of not less than twenty-five (25) years nor more than forty (40) years. This Court affirmed the petitioner's convictions and sentences on direct appeal. *Vermilye v. State*, 584 S.W.2d 226 (Tenn. Crim.App.1979). On August 8, 1984, the appellant instituted this post-conviction proceeding. After an evidentiary hearing on the merits of the petition the trial court dismissed the petition.

Following the dismissal of his petition for post-conviction relief the petitioner appealed to this Court as of right. In this Court the appellant contends the trial court committed error of prejudicial dimensions in dismissing his petition. Appellant asserts, as he did in the trial court, he was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution because trial counsel failed to (a) raise questions concerning certain violations of the secrecy of the grand jury proceedings, (b) raise the petitioner's rights concerning the confidential communications of a clergyman, (c) file an affidavit in support of a motion for a continuance, (d) seek a change of venue, (e) vigorously pursue discovery of all discoverable material prior to and during trial, (f) prepare the petitioner to testify in his own defense, (g) advise the petitioner of all plea bargain agreements offered by the district attorney general, (h) call an expert witness to support the petitioner's theory of defense that he was treating individuals with sexual problems, and (i) there existed a conflict of interest on the part of one of his trial counsel because counsel had represented one of the state's witnesses.

## STANDARD OF APPELLATE REVIEW

■ When the petitioner in a post-conviction proceeding is afforded an evidentiary hearing on the merits of his petition, the finding of fact made by the trial court at the conclusion of the hearing has the weight of a jury verdict. As a consequence, this Court is bound by the trial court's finding of fact unless we conclude the evidence contained in the record preponderates against the judgment entered in the cause. *Turner v. State*, 698 S.W.2d 90, 91 (Tenn.Crim.App.1985); *State v. Swanson*, 680 S.W.2d 487, 490 (Tenn.Crim.App. 1984); *Clenny v. State*, 576 S.W.2d 12, 14 (Tenn.Crim.App.1978), cert. denied 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979); *Janow v. State*, 4 Tenn.Cr.App. 195, 470 S.W.2d 19, 21 (1971).

■ When the petitioner seeks to vitiate a conviction on the ground counsel's representation was ineffective, the petitioner must prove by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975), and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697 (1984); *Williams v. State*, 599 S.W.2d 276, 279 (Tenn.Crim.App.1980). Prior to *Strickland* this Court required a showing of prejudice as a prerequisite to relief. *Williams v. State*, supra. Subsequently, this Court adopted the *Strickland* standards. See *Best v. State*, 708 S.W.2d 421, 422 (Tenn.Crim.App.1985).

■ Since the trial court found the petitioner failed to establish the advice given or services rendered by his trial counsel fell below the range of competence demanded of attorneys in criminal cases and/or prejudicial to his defense, we review the record in this case for the purpose of determining whether the trial court's finding of fact preponderates against the judgment entered by the trial court. *Turner v. State*, supra; *State v. Swanson*, supra; *Clenny v. State*, supra. In doing we are

bound by certain well established standards. First, the standard created by the Supreme Court in *Baxter* does not require perfect representation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn.1982). Second, it is not our function to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices are made without knowledge of the relevant facts or the law applicable to the issue. *Hellard v. State*, supra; *State v. Swanson*, supra; *McBee v. State*, 655 S.W. 2d 191, 193 (Tenn.Crim.App.1983). See *People v. Corona*, 80 Cal.App.3d 684, 145 Cal.Rptr. 894 (1978). As the Supreme Court said in *Hellard*: "... [T]he defense attorney's representation, when questioned, is not to be measured by '20–20 hindsight." 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. *Williams v. State*, supra at 279–280; *Long v. State*, 510 S.W.2d 83, 88 (Tenn.Crim.App.1974).

With these concepts in mind we will undertake to discuss and decide the issues raised by the petitioner in this Court.

## VIOLATION OF SECRECY OF GRAND JURY PROCEEDINGS

■ The record reveals an investigator employed by the district attorney general was present in the grand jury room when all of the witnesses testified before the grand jury. The investigator made audio recordings of the testimony of the witnesses pursuant to an agreement with the foreman of the grand jury. These recordings were made for the exclusive use and benefit of the district attorney general and his staff. The audio recordings were to be used at the trial of this cause on the merits to prevent the witnesses from changing their testimony at trial.

The trial court found "there has been no prejudice shown and the compelling nature of the evidence would indicate that it would be inconceivable that a True Bill would not have been returned, and as a result cannot now be used as a ground to afford the petitioner any relief herein."

In the case of *Tiller v. State*, 600 S.W.2d 709, 712 (Tenn.1980), our Supreme Court ruled that that "the District Attorney General is not authorized to record or have recorded upon his behalf the testimony of any witnesses appearing before the grand jury." Thus, the conduct of the District Attorney General in having his investigator record the testimony of the witnesses for his exclusive use was improper. However, it does not follow that the petitioner would have been entitled, as a matter of law, to have the indictments returned against him dismissed. *Tiller v. State*, supra. As our Supreme Court said in *Tiller:* "Abatement of the indictment would not be justified unless the defendant made a showing of prejudice resulting from the improper activities discussed." 600 S.W.2d at 713. In *Sadler v. State*, 124 Tenn. 50, 136 S.W. 430 (1911), our Supreme Court ruled the casual presence of a court officer in the grand jury room during the examination of witnesses was not ground for vitiating an indictment or presentment unless the officer "attempted to interfere with or influence the grand jury in its action." 124 Tenn. at 53, 136 S.W. at 430–431. In *Tiller v. State*, supra, our Supreme Court, addressing this same issue, ruled the defendant was not entitled to relief because he failed to show that he was prejudiced by the improper action of the district attorney general.

The petitioner has failed to illustrate how he was prejudiced by the presence of the investigator in the grand jury room and the recordation of the witness' testimony. He has also failed to carry the burden of showing that the failure of his trial counsel to raise this issue "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697. Absent a showing of prejudice the petitioner is not entitled to relief. See *Strickland v. Washington*, supra; *Williams v. State*, supra.

We parenthetically note that the conduct of the district attorney general occurred prior to June of 1977. Our Supreme Court's decision in *Tiller* was not released until June 30, 1980, approximately three (3)

years after the occurrence of the misconduct.

This issue is without merit.

## CONFIDENTIAL COMMUNICATIONS OF A CLERGYMAN

■ The petitioner, an ordained Episcopalian priest, was the director of a home for delinquent boys when law enforcement officers commenced the investigation leading to his arrest and conviction. The petitioner also counseled people by mail. His ministry consisted of paraplegics, pain therapy, divorcees, geriatics, and those with sexual problems. Records, which he considered confidential and privileged, were removed from his office at the home when the officers executed the search warrant.

The petitioner expressed the view that officers should not have confiscated these records; and he thought this issue should have been explored by counsel. Although counsel failed to explore this issue, the trial court apparently refused to permit the district attorney general to introduce these records at the trial. The vast majority of the information used at the trial of this cause was furnished to law enforcement officials by the sponsors of the home. There is no claim that the petitioner was required to testify as to any privileged information.

We are of the opinion the petitioner's reliance on this privilege is misplaced. The privilege created by T.C.A. § 24–1–206 is for the protection of the person communicating the information to the minister, not the minister. See *State v. Arnold*, 719 S.W.2d 543, 549 (Tenn.Crim.App.1986). Thus, there would have been no ground for the exclusion or return of these files and documents.

Trial counsel were not ineffective in failing to pursue this issue. Furthermore, the petitioner has failed to demonstrate how he was prejudiced by the seizure of the documents. See *Strickland v. Washington*, supra; *Williams v. State*, supra.

## MOTION FOR A CONTINUANCE

■ The strategy of trial counsel was to delay the trial on the merits for as long as possible so that local antagonism could subside before the case was tried. Several continuances were obtained by trial counsel in furtherance of this strategy.

Trial counsel attempted to subpeona a witness, who had resided at the home, but discovered the witness had joined a branch of the armed forces and was in boot camp. A motion for continuance was filed on the ground trial counsel could not obtain the presence of this witness to testify at the trial. No affidavit was filed in support of the motion. See *State v. Vermilye*, supra, 584 S.W.2d at 230. The petitioner contends trial counsel were ineffective in this regard. We disagree.

The petitioner did not know what the nature of the missing witness' testimony would have been had he been present and testified in support of the petitioner's defense. The petitioner wanted the witness present because "he was the only resident of the farm that wasn't" at the trial.

If the petitioner did not know the scope and nature of the witness' testimony, trial counsel certainly cannot be faulted for not preparing an affidavit in support of the motion for continuance setting forth the expected testimony of the witness. Also, the petitioner has failed to illustrate how he was prejudiced by the absence of this witness. See *Strickland v. Washington*, supra; *Williams v. State*, supra.

This issue is without merit.

## CHANGE OF VENUE

■ The defendant testified that neither he nor the home for the delinquent boys were popular in Franklin County. His reputation had suffered immensely. Also, a meeting of Episcopal officials, called to discuss what had occurred and the plight of the petitioner, indirectly resulted in the dissemination of unfavorable information in Franklin County. A juror was excused due to information the prospective juror had received from a local Episcopal priest.

Defense counsel circulated affidavits to certain persons living in Franklin County for the purpose of determining whether the

petitioner could receive a fair trial in the county. Several individuals expressed the opinion that the petitioner could not receive a fair trial in Franklin County. According to the petitioner, he continuously requested his trial counsel to seek a change of venue.

Defense counsel seriously considered seeking a change of venue. However, publicity concerning this case was continuous, sensational, and widespread. There were reports of the case included in such publications as Newsweek, Time, U.S. News and World Report, Reader's Digest, numerous newspapers across Tennessee and the Nation, and television programs such as 60 Minutes in addition to the usual local publicity which accompanies a case of this nature and magnitude. In other words, the petitioner would be tried by people who had been exposed to news accounts of his case regardless of where the case would be tried. One of the lawyers commented at the time that "we'd probably have to get outside the United States before we could receive a fair trial."

All three defense lawyers were life long residents of Franklin County. They personally knew many of the people who lived in Franklin County and would be serving on the jury in this case. Since they could not escape the publicity surrounding this case regardless of the venue, it was decided to try the case in Franklin County because they would "be better off knowing and being able to more effectively pick a jury from people that we know and were better able to find out rather than a county in which none of us knew any of the jurors."

The trial court concluded the decision of trial counsel was a reasonable trial tactic. In addition, the trial court found that the petitioner failed to present evidence or otherwise show that the jury ultimately chosen to determine the petitioner's guilt was prejudiced against the petitioner.

This Court, like the trial court, concludes the petitioner has failed to prove that the conduct of trial counsel was unreasonable or the petitioner was prejudiced by counsel's failure to seek a change of venue. See *Strickland v. Washington*, supra.

The lawyers representing the petitioner were experienced, sage trial lawyers. They had considerable experience in the trial of criminal cases. Furthermore, their decision was informed. They had given much thought and effort to this issue before making their decision not to seek a change of venue. See *Williams v. State*, 599 S.W.2d 276, 278–279 (Tenn.Crim.App. 1980); *People v. Corona*, 80 Cal.App.3d 684, 706, 145 Cal.Rptr. 894, 905 (1978). Thus, their decision was a reasonable tactical decision. *Morton v. Henderson*, 389 F.2d 699 (6th Cir.1967). See *Hellard v. State*, 629 S.W.2d 4 (Tenn.1982); *Best v. State*, 708 S.W.2d 421, 423 (Tenn.Crim.App. 1985). In *Best* this Court said that "[w]hen such decisions are informed and clearly reasonable, the court will not hold counsel to be incompetent." 708 S.W.2d at 423.

This issue is without merit.

## FAILURE TO SEEK DISCOVERY

▮ The defendant testified there were seven (7) photographs which were missing from the undeveloped film taken from his office at the home. He referred to these photographs as the "Schindler" photographs. He thought these photographs would be important to him. The district attorney general and his investigator both told trial counsel in his presence that they did not have any photographs that had not been developed.

These photographs were not introduced as evidence at the trial, and the petitioner states in his brief that neither his counsel nor him have seen these pictures as of this date.

The petitioner speculates that the photographs could have been exculpatory or have led counsel to other discoverable evidence. However, the petitioner apparently made no effort to obtain these pictures for admission as evidence at the evidentiary hearing. Nor did the petitioner describe what these pictures would depict, how they would be exculpatory or lead his counsel to additional discoverable evidence, or assist him in the presentation of his defense. See *United States v. Agurs*, 427 U.S. 97, 96

S.Ct. 2392, 49 L.Ed.2d 342 (1976). Nor did he demonstrate how he was prejudiced by the failure of the district attorney general to furnish these picture, if they in fact existed. See *Strickland v. Washington*, supra; *Williams v. State*, supra.

This issue is without merit.

### FAILURE TO PREPARE PETITIONER TO TESTIFY

 The petitioner testified that trial counsel advised him prior to trial that he would have to take the witness stand and make an explanation of his role in the operation of the home for boys. Subsequently, the petitioner testified in support of his defense. However, he claims that trial counsel failed to meet with him, discuss the nature of his testimony, or otherwise prepare him as a witness. On the eve of trial the defendant prepared a list of questions he thought should be asked of him and delivered the questions to one of his lawyers on the morning the trial was to commence.

The testimony of trial counsel differed from that of the petitioner in this regard. The petitioner and his attorneys met every Sunday for two and one-half months prior to trial. All of the lawyers discussed various aspects of the case with petitioner individually, and on occasion, such as the Sunday meetings, they jointly advised the petitioner about his case.

Defense counsel had serious reservations about calling the petitioner as a witness, and they advised the petitioner that he should not testify as a witness at the trial. The petitioner, being "very strong in his determination to go on the witness stand", personally made the decision to testify at the trial. See 1 A.B.A. Standards of Criminal Justice (2nd ed. 1980) § 4–5.2 He expressed the opinion that he "could handle" the district attorney general during cross-examination.

The decision as to whether an accused should testify at trial rests with the accused, not defense counsel. See 1 A.B.A. Standards for Criminal Justice (2nd ed. 1980) § 4.5.2 In the case sub judice the petitioner, not defense counsel, made the decision to testify. Defense counsel had thoroughly investigated the facts, discussed the facts with the petitioner on numerous occasions, warned the petitioner about the perils of cross-examination, and the petitioner furnished trial counsel with a list of questions he wanted to be asked during his direct examination. Thus, they were prepared to examine the petitioner as a witness, and the petitioner should have been prepared to testify as a witness.

The petitioner has not mentioned or alluded to how trial counsel could have better prepared him as a witness; or how he was, or might have been, prejudiced because he was not prepared to testify. See *Strickland v. Washington*, supra; *Williams v. State*, supra.

This issue is without merit.

### FAILURE TO COMMUNICATE PLEA BARGAIN AGREEMENTS

 The petitioner contends trial counsel neither conveyed nor discussed the offers of settlement made to defense counsel by the district attorney general. According to the petitioner, he met with his lawyers on three occasions. On each occasion he was asked if he would consider pleading guilty to the offenses and accept a plea bargain agreement. The petitioner asked if such an offer of settlement had been made and was advised that no offer had been made. He advised his lawyers that he would be glad to discuss a plea bargain agreement if and when the district attorney general made such an offer.

The record reveals that trial counsel entered into discussions with the district attorney general to determine if there was any interest in the settlement of the case. Apparently an offer of settlement was made, and, contrary to the assertions of the petitioner, trial counsel discussed the settlement with the petitioner. The petitioner advised counsel that "he would not plead guilty to one day." In addition, the petitioner refused to permit trial counsel to attempt to negotiate a plea bargain agreement.

The trial court found that the plea bargain was offered by the district attorney general and the offer was communicated to the petitioner. We agree.

This issue is without merit.

## FAILURE TO CALL EXPERT WITNESS

■■■ The defendant testified he "wanted to bring or have my attorneys bring an expert witness to support my position of the knowledge of some of these pictures." While the record is not clear, it appears he wanted an expert to testify that the photographs of the young boys, which he says were posed, were taken to aid him in the treatment of emotionally disturbed individuals. According to the defendant, trial counsel refused.

The trial court found the petitioner did not "name such witnesses [at the hearing] or what their testimony would be." The trial court also expressed the view that it "would be pure conjecture on the part of the Court to assess any value to this complaint." We agree.

The petitioner has failed to carry the burden of proof as to this issue. The record is void of any evidence as to the identity of the expert witnesses, the nature and extent of their testimony, how the testimony would aid in the petitioner's defense, or the prejudice the petitioner sustained because these witnesses were not called during the trial. See *Strickland v. Washington*, supra; *Williams v. State*, supra. In *State v. Martin*, 627 S.W.2d 139, 141 (Tenn.Crim.App.1981), this Court held that a conviction will not be vitiated on the ground counsel failed to introduce witnesses "without a showing that the witnesses were actually beneficial to the defense."

This issue is without merit.

## CONFLICT OF INTEREST

■■■ During the trial it was discovered that one of the petitioner's trial counsel had apparently represented a prosecution witness. According to the petitioner, this lawyer was representing the witness at the time of trial; and he never divulged this fact to the petitioner.

The record reflects one of petitioner's attorneys represented the father of a witness in a civil proceeding. This case was not related to the criminal prosecution against the petitioner. This same lawyer apparently acted as counsel for the witness at the request of the attorney general's office when the witness was arraigned and entered a plea of not guilty. The lawyer disavowed he had represented the witness, contending he "had merely stood up with him" for this purpose.

The trial court found, and we agree, that there "is no suggestion by the petitioner of any facts or questions which might have been submitted to or about the witness which would have further reduced his credibility in the eyes of the jury." We also note that the petitioner made no effort to support his contention by calling the witness, or a member of his family, to determine if trial counsel did in fact represent the witness, or introduce the clerk's jacket in that case to determine who in fact did represent the witness. Nor did the petitioner object to trial counsel's further representation in the matter when it was revealed in open court and in the presence of the petitioner some relationship existed between the witness and counsel. See *State v. Layne*, 623 S.W.2d 629 (Tenn.Crim.App. 1981); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

We are of the opinion the petitioner failed to carry the burden of proof on this issue. He failed to establish there was in fact an attorney-client relationship between the witness and trial counsel, or that trial counsel even discussed the facts of that case with the witness. He has also failed to illustrate how he was prejudiced. *Christian v. Housewright*, 721 F.2d 240, 243 (8th Cir.1983). See *Strickland v. Washington*, supra; *Williams v. State*, supra.

This issue is without merit.

We conclude the petitioner failed to carry the burden of proof concerning these issues, and he is not entitled to the relief sought. *Hellard v. State*, supra; *Turner v. State* supra; *State v. Swanson* supra; *Clenny v. State*, supra. As heretofore stated, the petitioner failed to prove the

services rendered or advice given by trial counsel fell below "the range of competence demanded of attorneys in criminal cases", *Baxter v. Rose*, 523 S.W.2d at 936, or these alleged errors of his privately retained counsel "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697. See *Williams v. State*, supra.

The judgment of the trial court is affirmed.

SCOTT, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.