IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2007

## CHARLES EDWARD GREER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-06-146    Roy Morgan, Judge**

---

**No. W2006-01666-CCA-R3-PC  - Filed June 4, 2007**

---

The Appellant, Charles Edward Greer, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. On appeal, Greer raises the single issue of whether he was denied the effective assistance of counsel because trial counsel should have "convinced" or "persuaded" him to testify in his own defense. After review of the record, we find no error and affirm the denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Appellant, Charles Edward Greer.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Rolf Hazelhurst, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

Following the Appellant's three convictions for sale of cocaine over 0.5 grams, the trial court imposed concurrent, Range I sentences of eight years for each conviction. The following facts were established on direct appeal:

Officer Robert Wesley Stilwell, an investigator with the Jackson Police Department Metro Narcotics Unit, employed the services of Lisa Gail Morris, a confidential informant, to assist in an investigation involving illegal drug sales. On February 18, 19, and 22, 2003, Ms. Morris, while acting under the supervision of Officer Stilwell, made three separate purchases of crack cocaine from the [Appellant].

Ms. Morris testified that on February 18, 2003, after being supplied with $ 160, she purchased .6 grams of crack cocaine from the [Appellant]. She stated that on the second occasion, she purchased 1.3 grams of cocaine for the same amount of money. After again being supplied with $ 160, she received .7 grams of cocaine in her third purchase. According to Ms. Morris, each of the transactions took place in her car while she was parked in front of the residence of the [Appellant]'s mother at 169 Holland Street in Jackson. . . .

*State v. Charles Edward Greer*, No. W2004-02724-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 2, 2005), *perm. to appeal denied*, (Tenn. Mar. 20, 2006). A panel of this court affirmed the Appellant's convictions on direct appeal. *Id*.

On April 26, 2006, the Appellant filed a *pro se* petition for post-conviction relief, and the post-conviction court appointed counsel to represent him. On July 10, 2006, the court conducted an evidentiary hearing at which trial counsel, the Appellant, and the jury foreperson testified.

The Appellant testified that he believed the State had a weak case and that if he had testified at his trial, "[he] could have freed [himself]." He testified to facts from which a jury could have concluded that the confidential informant, Lisa Morris, was addicted to cocaine at the time she was working undercover and that she falsely identified him as a seller because she needed to protect the identity of her real source.

The Appellant acknowledged that he discussed whether or not he should testify with his attorney. He further admitted "I got a bad record" and that his attorney advised him not to testify because he could be impeached with his prior convictions. Moreover, he admitted that the trial court advised him of the consequences of testifying, or not testifying, and that he decided not to testify. Additionally, the Appellant signed a written form captioned "Waiver of Right to Testify."

Trial counsel testified that he obtained discovery from the State and talked to the Appellant at least twenty times in preparation for the trial. Neither he nor the State was able to locate Morris before trial, so the court allowed him time to interview her when she appeared in court on the morning of trial. He testified that he could not have done anything else to be better prepared for the trial. Trial counsel stated that he challenged the State's case with all the information he had and, further, that he had not learned of any additional information which he should have obtained. Finally, he testified that he impeached Morris' testimony with her admission of prior cocaine use, as well as emphasized the lack of direct evidence identifying the Appellant as the seller.

The post-conviction court denied the Appellant's petition, by written order, on July 20, 2006. On August 7, 2006, the Appellant filed his notice of appeal.

**Analysis**

On appeal, the Appellant raises the sole issue of whether trial counsel provided ineffective assistance of counsel based upon the advice he gave Appellant regarding whether the Appellant

should waive his constitutional right to testify. The Appellant asserts "[trial counsel], as an experienced lawyer should have convinced him to testify on his own behalf . . . . Although [the Appellant] acknowledges that it was ultimately his choice not to testify, [he contends] that [trial counsel] could have exercised his influence and persuaded him to testify." The State asserts that the record supports the post-conviction court's finding that the Appellant made an informed, strategic decision to waive his right to testify.

A court may grant post-conviction relief when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. T.C.A. § 40-30-103 (2006); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). In order to be granted relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f) (2006); *Wiley v. State*, 183 S.W.3d 317, 325 (Tenn. 2006). It is well-settled that the abridgement of the right to effective assistance of counsel is a proper ground for post-conviction relief. *Vaughn*, 202 S.W.3d at 115; *Dean v. State*, 59 S.W.3d 663, 667 (Tenn. 2001).

The overall standard for evaluating a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Because a petitioner must establish both prongs of the test, a failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the ineffective assistance of counsel claim. *Id*. at 697, 104 S. Ct. at 2069.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002). This court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *Id*.; *see also State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). All questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). The appellate court's review of a legal issue, or of a mixed question of law and fact, such as a claim of ineffective assistance of counsel, is *de novo* with no presumption of correctness. *Vaughn*, 202 S.W.3d at 115; *Nichols*, 90 S.W.3d at 586.

As noted, the Appellant contends that trial counsel provided ineffective assistance of counsel by failing to "convince" or "persuade" him to testify. We are unaware of any authority which requires or, for that matter, permits trial counsel in a criminal case to "convince" or "persuade" a client to testify at his or her trial. Tennessee recognizes that a criminal defendant has a fundamental right to testify. *Momon*, 18 S.W.3d at 157. The right may only be waived personally by the defendant. *Id*. at 161; *Vermilye v. State*, 754 S.W.2d 82, 88 (Tenn. Crim. App. 1987) ("The decision as to whether an accused should testify at trial rests with the accused, not defense counsel."). In addressing this issue, the Tennessee Supreme Court has cited with approval the American Bar Association Standards which state:

> Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions <u>which are to be made by the accused</u> after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf. (Emphasis added).

ABA Standards for Criminal Justice, The Defense Function, § 4-5.2(a) (1970); *see also Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (holding that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal"). Contrary to the argument presented, the decision to testify at trial belongs to the defendant, and any exertion of undue influence on the defendant's ultimate decision on this issue constitutes unprofessional conduct. *See* ABA Standards for Criminal Justice, *supra*, § 5.1.

At the conclusion of the post-conviction hearing, the court made the following finding:

> [The Appellant] was under oath in this courtroom and questioned by me as to whether he wanted to take the witness stand, and he was told very specifically that it was his decision alone, not his lawyer's decision, not my decision, not a juror's decision but his decision whether he wanted to testify, and I not only went over that form orally, but he went over it with his lawyer and he signed it, and that's been made an exhibit.

Following review of the record before us, we conclude that the evidence supports the post-conviction court's findings. The Appellant's argument that trial counsel should have "convinced" or "persuaded" the Appellant to testify is clearly misplaced. Accordingly, we conclude that the post-conviction court correctly denied the Appellant's petition.

## CONCLUSION

Based upon the foregoing, the denial of the Appellant's post-conviction petition by the Madison County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE